UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

ETHEL KELLY,                                                           Docket No.: 11-cv-3685
                                                                                                      (LAK)(MHD)

                            Plaintiff,                                   **AMENDED**

                                                                                         **COMPLAINT**

          -against-


CITY OF NEW YORK and DETECTIVE GREGORY SMITH,
Individually and in his official capacity as a New York City
Police Detective,


                             Defendants.
------------------------------------------------------------------------------X


       Plaintiff, by her attorneys, **GREENBERG & GREENBERG, LLP,**

complaining of the Defendants, respectfully alleges, upon information and belief,

as follows:

### JURISDICTION & VENUE

       1.       Jurisdiction exists by virtue of Federal Question in that the issue of whether plaintiff's Constitutional rights have been violated by the defendants, and more specifically the New York City Police Department, its agents, servants and/or employees, including the DOE defendants, is at bar.

2. At all times hereinafter mentioned, the plaintiff resided and still resides in the County of Bronx, City and State of New York, maintaining a residence address of 1546 Selwyn Avenue, Bronx, New York.

3. The events that underlie this Complaint occurred in the Bronx, which lies within the Southern District.

4. By virtue of the foregoing allegations, venue is proper within the Southern District of New York.

## AS AND FOR A FIRST CLAIM FOR RELIEF

5. At all times herein mentioned, Defendant CITY OF NEW YORK was, and still is Municipal Corporation and body politic, duly formed, organized and existing under and by virtue of the laws of the State of New York.

6. That the CITY OF NEW YORK maintains a Police Department known as the New York City Police Department, which has various precincts within the County of Bronx, City and State of New York.

7. Upon information and belief, at all times hereinafter mentioned, defendant CITY employed several officers, including defendant GREGORY SMITH (hereinafter referred to as "Detective Smith"), Detective Nancy Vasquez, Sergeant David Bullett and Lieutenant Brendan Higgins, and those officers

(hereinafter referred to as "the Officers") acted at all times in behalf of the New York City Police Department and under color of law.

8. On or about April 15, 2010, at approximately 4 P.M., the Officers were working and acting within the scope of their employment as employees of the New York City Police Department and under the color of law.

9. On or about April 15, 2010 at approximately 4 P.M., in the plaintiff's apartment at 1546 Selwyn Avenue, Bronx, New York, the Officers broke down her door, entered her apartment without her permission and consent, ransacked the apartment and all of its contents, pointed their guns at the plaintiff, handcuffed her and placed her on the floor and detained her while searching her apartment.

10. After ransacking the apartment and finding no contraband or any other drug-related items, the Officers, or one of them, presented a warrant issued by the Hon. Ann Donnelly of the Bronx Supreme Court.

11. Defendant CITY OF NEW YORK, its agents, servants and/or employees, including the Officers, applied for that warrant based on false and inadequate information and without any legitimate basis in law or fact and

without reasonable, probable or just cause or justification.

    12.    The defendants, their agents, servants and/or employees acted on false, fabricated and/or insufficient accusations of the plaintiff's drug involvement without performing any investigation to vet the information on which they relied in seeking the no-knock or announce warrant, when they knew, or in the exercise of reasonable care, should have known that the information on which they relied was false, fabricated and/or insufficient and unreliable.

    13.    That Defendant CITY OF NEW YORK, its agents, servants and/or employees, including the Officers and/or other persons involved in applying for the aforementioned warrant did negligently and/or knowingly and maliciously provide false, baseless or exaggerated information to the Court for the purpose of obtaining the aforementioned warrant, causing the plaintiff to suffer an avoidable and unlawful seizure of her person and property.

    14.    In perpetrating the aforementioned acts, the defendants, their agents, servants and/or employees unlawfully detained and searched the plaintiff and her premises, brandished weapons in a threatening fashion and ransacked her

apartment, without any basis in law or fact, thereby causing fright, shock, emotional distress and physical consequences.

15. The CITY OF NEW YORK allowed, condoned, permitted and caused a policy and procedure of applying for warrants like the one in issue without sufficient or vetted information.

16. The CITY OF NEW YORK allowed, condoned, permitted and caused a policy and procedure of basing the merit-less warrant applications on geographical information only, in violation of the protections afforded by the United States Constitution, resulting in needless harm to innocent, law-abiding citizens such as the plaintiff.  Those actions have targeted individuals of low socio-economic status and almost exclusively persons of a racial minority, without probable cause and utilizing unreasonable invasive search procedures and failing to reprimand officers including those named herein after repeatedly engaging in such practices, thereby encouraging and implicitly condoning said practices, and in setting 'productivity goals' resulting in the arrest of innocent persons, said practices being regularly engaged in and evidenced by the existence of a multitude of similar civil rights actions having been brought

against the CITY OF NEW YORK and voluminous complaints made to the Civilian Complaint Review Board.

17. That no negligence or actions on the part of the plaintiff contributed to the occurrences alleged herein in any manner whatsoever.

18. The herein above described actions and omissions, engaged in under the color of law by the defendants, including the CITY OF NEW YORK, sued as a person within the meaning of Title 42 U.S.C. 1983, et seq., by policy, procedure and act, deprived the plaintiff of rights secured by the Constitution and laws of the United States, including, but not limited to the Fourth Amendment right to be free from unlawful seizures of their person, the Fifth Amendment rights of due process of law and to equal protection of the laws, including the right to be free from unjustified confinement utilized by the police, the Eighth Amendment right to be free from cruel and unusual punishment, and under Title 42 U.S.C. 1983, et seq.

19. That as a result of the foregoing, the plaintiff suffered severe emotional and psychological injury and distress from which she has not recovered and which will continue to plague her for the remainder of her life.

## AS AND FOR A SECOND CLAIM FOR RELIEF

20. That plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs enumerated 1 through 19 as though more fully set forth herein.

21. That at all times herein mentioned, the CITY OF NEW YORK, its agents, servants and/or employees, including the Officers, deprived plaintiff ETHEL KELLY of due process under Law.

22. That the acts of the CITY OF NEW YORK, its agents, servants and/or employees, including the Officers, were acts of discrimination, were racist, and improper, and that the defendants' actions amounted to False Arrest, and the defendants were otherwise careless, reckless and negligent.

23. That plaintiff ETHEL KELLY, being aware of her unjust confinement, suffered severe and serious emotional and psychological trauma, damages and injuries due to the negligence, carelessness and recklessness of the Defendants.

24. That as a result of the foregoing, plaintiff ETHEL KELLY was damaged in sum not to exceed ONE MILLION DOLLARS ($1,000,000.).

### AS AND FOR A THIRD CLAIM FOR RELIEF

25. That plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs enumerated 1 through 19 and 21-23 as though more fully set forth herein.

26. That at all times herein mentioned, defendant Detective Smith used unnecessary and excessive force against the plaintiff in arresting and detaining her, brandishing a gun and pinning her on the ground and handcuffing her when she was non-violent, non-resistant, and elderly.

27. That plaintiff ETHEL KELLY, being aware of her unjust confinement and having endured unwarranted physical violation, suffered minor physical trauma and serious and permanent emotional and psychological trauma, damages and injuries due to the acts of Detective Smith.

28. That as a result of the foregoing, plaintiff ETHEL KELLY was damaged in sum not to exceed ONE MILLION DOLLARS ($1,000,000.).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff ETHEL KELLY respectfully requests judgment against the Defendant as follows:

A.    On the First Claim, in amounts to be determined at trial: compensatory damages against defendant CITY OF NEW YORK for past and future pecuniary losses; compensatory damages for past and future non-pecuniary losses (including but not limited to physical pain and suffering, emotional pain & suffering and inconvenience); costs; and reasonable attorney's and expert fees.

B.    On the Second Claim, in amounts to be determined at trial: compensatory damages against defendant CITY OF NEW YORK for past and future pecuniary losses; compensatory damages for past and future non-pecuniary losses (including but not limited to physical pain and suffering, emotional pain & suffering and inconvenience); punitive damages to be determined by the jury and the Court at the time of trial; costs; and reasonable attorney's and expert fees.

C.    On the Third Claim, in amounts to be determined at trial: compensatory damages against defendant CITY OF NEW YORK for past and future pecuniary losses; compensatory damages for past and future non-pecuniary losses (including but not limited to physical pain and suffering, emotional pain & suffering and inconvenience); punitive damages to be determined by the jury and the Court at the time of trial; costs; and reasonable attorney's and expert fees.

D.  For such further relief against the defendant as the Court deems necessary and proper.

## JURY TRIAL DEMAND

Plaintiffs request a jury trial on all questions properly triable by a jury.

Dated: November 1, 2011
      New York, NY

                              Respectfully submitted,
                              **GREENBERG & GREENBERG, LLP**

                              **s/ filed electronically via ECF**

                              By: James K. Greenberg (JKG7301)
                              Attorneys for Plaintiff
                              ETHEL KELLY
                              363 Seventh Avenue, Suite 400
                              New York, New York 10001
                              (212)545-7337


To:   Michael A. Cardozo, Esq.
       Corporation Counsel
       Att: Steven Silverberg, Esq.
       100 Church Street, 4th Floor
       New York, New York  10007